IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>    Plaintiff,<br><br>vs.<br><br>Katonya P. Gray, West Jackson Community Development Corporation; Doug Shaddix, trustee of the 110 Calhoun Street Trust; Mississippi Department of Revenue; United States of America, by and through its agency, the Internal Revenue Service; John Doe, representing all unknown persons or entities having or claiming to have any right, title, or interest in or to, or lien upon, the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203, including minors or those under a legal disability, or the heirs, devisees, personal representatives, administrators, successors, and assigns of those unknown parties or the above-named Defendants; and Richard Roe, representing all persons who may be in the Armed Forces of the United States who have, claim, or may claim any interest in the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203,<br><br>    Defendants. | Civil Action No. 3:18cv871HTW-LRA |

## VERIFIED COMPLAINT FOR REFORMATION AND QUIET TITLE

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") complains of Defendants Katonya P. Gray ("Borrower"); West Jackson Community Development Corporation ("West Jackson CDC"); Doug Shaddix, trustee of the 110 Calhoun Street Trust (the "Trustee"); the Mississippi Department of Revenue (the "MSDOR"); the United State of America, by and through its agency, the Internal

Revenue Service (the "IRS"); John Doe, representing all unknown persons or entities having or claiming to have any right, title, or interest in or to, or lien upon, the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203, including minors or those under a legal disability, or the heirs, devisees, personal representatives, administrators, successors, and assigns of those unknown parties or the above-named Defendants ("Doe"); and Richard Roe, representing all persons who may be in the Armed Forces of the United States who have, claim, or may claim any interest in the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203 ("Roe") (collectively, "Defendants"), alleging as follows:

## Introduction

1. Wells Fargo is the current owner of 110 Calhoun Street, Jackson, MS 39203 (Parcel No. 113-231) ("Lot 31"), by virtue of that quitclaim deed from TTLBL, LLC recorded on August 18, 2017, in the Hinds County records in book 7209 at page 3211. A true and correct copy of the quitclaim deed under which Wells Fargo holds title is attached as **Exhibit 1**.

2. Borrower is the current owner of 114 Calhoun Street, Jackson, MS 39203 (Parcel No. 113-230) ("Lot 30"), by virtue of that general warranty deed from West Jackson CDC, recorded on September 24, 2008, in book 6941 at page 741. A true and correct copy of the warranty deed under which Borrower holds title is attached as **Exhibit 2**.

3. Wells Fargo brings this action under 28 U.S.C. § 2409a(a), 28 U.S.C. § 1346(f), and Miss. Code Ann. §§ 11-17-1, -29, and -31 to determine any adverse claims to Lots 30 and 31 (collectively, the "Properties") and the rights of the parties.

4.  Wells Fargo also seeks to reform conveyances in the title of the Properties and to obtain a declaration as to the fee simple ownership and marketable title the Properties, including the interests of all parties who may have interest in the Properties.

## Jurisdiction and Venue

5.  The IRS has consented to be sued in civil actions to adjudicate disputes regarding title to real property in which the United States claims an interest under 28 U.S.C. § 2409a(a).

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(f).

7.  The Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the combined value of the Properties exceed the jurisdictional threshold.

8.  Venue is proper in this district under 28 U.S. Code § 1391(b)(2) because the Properties are located in Hinds County, Mississippi.

## Parties

9.  Wells Fargo is a national bank organized under the laws of the United States of America, with its principal place of business outside of Mississippi.

10. Borrower is a resident of Hinds County, Mississippi.

11. West Jackson CDC is a corporation organized under the laws of the State of Mississippi with its principal place of business in Mississippi.

12. Upon information and belief, the Trustee is a resident of Cobb County, Georgia, and the current Trustee of the 110 Calhoun Street Trust.

13. The MSDOR is an agency of the State of Mississippi.

14. The IRS is an agency of the United States of America

15.     Doe represents all unknown persons or entities having or claiming to have any right, title, or interest in or to, or lien upon, the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203, including minors or those under a legal disability, or the heirs, devisees, personal representatives, administrators, successors, and assigns of those unknown parties or the above-named Defendants

16.     Richard Roe represents a subset of individuals and entities that are unknown who may be in the Armed Forces of the United States who have, claim, or may claim any interest in the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203.

**Facts**

17.     Lot 30, which is the subject matter of this action, is situated in Hinds County and is more properly described as follows:

> Lot 30, Bon Air Subdivision, a subdivision according to a map or plat thereof which is on file and of record in the office of the Chancery Clerk of the First Judicial District of Hinds County at Jackson, Mississippi, in Plat Book 10 at Page 29, reference to which is hereby made in aid of and as a part of this description.

Address:         114 Calhoun Street, Jackson, MS 39203
Parcel Number:   113-230

18.     Lot 30 is currently owned by Borrower, subject to the Deed of Trust.

19.     Lot 31, which is the subject matter of this action, is situated in Hinds County and is more properly described as follows:

> Lot 31, Bon Air Subdivision, a subdivision according to a map or plat thereof which is on file and of record in the office of the Chancery Clerk of the First Judicial District of Hinds County at Jackson, Mississippi, in Plat Book 40 at Page 29, reference to which is hereby made in aid of and as a part of this description.

Address:         110 Calhoun Street, Jackson, MS 39203
Parcel Number:   113-231

20. Lot 31 is currently owned exclusively by Wells Fargo.

**A. Title History of the Properties**

21. On December 1, 2006, the City of Jackson, Mississippi conveyed real property in the Bon Air Subdivision to West Jackson CDC by quitclaim deed recorded in book 6625 at page 330 on January 12, 2007.

22. This conveyance included the Properties.

23. Upon information and belief, in September 2008, West Jackson CDC agreed to convey Lot 31 to Borrower.

24. As a result of a scrivener's error, however, the deed from West Jackson CDC to Borrower actually conveyed Lot 30, instead of Lot 31. *See* Ex. 2.

25. Unaware of this error, Borrower took possession of Lot 31 and has resided on the property ever since.

26. On September 25, 2009, Borrower granted a deed of trust secured by Lot 30 to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Evolve Bank and Trust, and its successors and assigns, recorded on October 5, 2009, in book 7083 at page 469(the "Deed of Trust"). Wells Fargo is the servicer of the Deed of Trust. A true and correct copy of the Deed of Trust is attached as **Exhibit 3**.

27. MERS as nominee for Evolve Bank and Trust assigned the Deed of Trust to Wells Fargo by Corporate Assignment of Deed of Trust dated May 21, 2018, and recorded on May 24, 2018, in book 7219 at page 8717.

28. The Deed of Trust contains the same scrivener's error such that the Deed of Trust is secured by Lot 30, to which Borrower holds the title, but references the address of Lot 31, where Borrower resides.

29. West Jackson CDC is named as a part to this action because, according to the real property records on file with Hinds County, it may hold an interest in Lot 30, due to a Lien Notice and Restriction on Transfer recorded on September 24, 2008 in book 6944 at page 90. The Lien Notice and Restriction on Transfer contains the same scrivener's error, providing the legal description of and attaching to Lot 30, but referencing the address of Lot 31. A true and correct copy of the Lien Notice and Restriction on Transfer under which West Jackson CDC may claim an interest is attached as **Exhibit 4**.

**B. Tax Sales of Lot 31**

30. On August 27, 2012, Eddie J. Fair, Tax Collector for Hinds County (the "County") sold Lot 31 at a tax sale for West Jackson CDC's failure to pay *ad valorem* property taxes for the 2011 year (the "First Tax Sale"). U.S. Bank as custodian for Tower DBW was the highest bidder and acquired Lot 31 at the First Tax Sale.

31. Lot 31 was sold at a second County tax sale for failure to pay *ad valorem* taxes on August 25, 2014 (the "Second Tax Sale"). TTLBL, LLC was the highest bidder and acquired the property at the Second Tax Sale.

32. After the Second Tax Sale, but before the Second Tax Deed was issued to TTLBL, LLC, a tax deed from the First Tax Sale was issued to U.S. Bank as custodian for Tower DBW which was recorded on December 17, 2014, in book 7171 at page 2900 (the "First Tax Deed"). A true and correct copy of the First Tax Deed is attached as **Exhibit 5**.

33. After the Second Tax Sale, but before the Second Tax Deed was issued to TTLBL, LLC, U.S. Bank as custodian for Tower DBW, conveyed Lot 31 to 110 Calhoun Street Trust by quitclaim deed recorded on January 29, 2015, in book 7171 at page 6632. A true and correct copy

of the quitclaim deed under which 110 Calhoun Street Trust may claim an interest is attached as **Exhibit 6**.

34. After the Second Tax Sale, but before the Second Tax Deed was issued to TTLBL, LLC, West Jackson CDC conveyed Lot 31 to 110 Calhoun Street Trust on July 27, 2016 by quitclaim deed, recorded on August 1, 2016, in book 7193 at page 2750. A true and correct copy of the July 27, 2016 quitclaim deed is attached as **Exhibit 7**.

35. Upon information and belief, 110 Calhoun Street Trust has recently notified Borrower of its intent to evict her from Lot 31.

36. After the Second Tax Sale, but before the Second Tax Deed was issued to TTLBL, LLC, the IRS recorded three Notices of Federal Tax Liens against West Jackson CDC, serial numbers 226989816, 243912816, and 252428717, in the real property records for Hinds County on September 6, 2016, January 10, 2017, and March 21, 2017, respectively. True and correct copies of Notices of Federal Tax Liens under which IRS may claim an interest are attached as **Exhibit 8**.

37. After the Second Tax Sale, but before the Second Tax Deed was issued to TTLBL, LLC, the MSDOR recorded three Notices of Tax Liens against West Jackson CDC, numbers 767663, 813597, and 870118, in the State Tax Lien Registry on January 20, 2017, March 20, 2017, and April 20, 2017, respectively. True and correct copies of the Notices of Tax Liens under which MSDOR may claim an interest are attached as **Exhibit 9**.

**C. Issuance and Recording of the Second Tax Deed**

38. When the time to redeem Lot 31 from the Second Tax Sale had passed, on September 9, 2016, the County tax collector executed a tax deed conveying Lot 31 to TTLBL, LLC which was recorded in book 7205 at page 8193 on July 13, 2017 (the "Second Tax Deed"). A true and correct copy of the Second Tax Deed is attached as **Exhibit 10**.

39. Subsequently, TTLBL, LLC conveyed Lot 31 to Wells Fargo on August 7, 2017, by quitclaim deed. *See* Ex. 1.

40. An accurate illustration of the relevant conveyances and interests of the parties is attached as **Exhibit 11** and incorporated herein by reference.

## Count I
(Reformation of Deeds)

41. Wells Fargo hereby re-alleges each of the foregoing paragraphs not inconsistent with this cause of action as if fully set forth herein verbatim.

42. Upon information and belief, the incorrect legal description and parcel number were listed on the general warranty deed to Borrower, the Deed of Trust, and West Jackson CDC's Lien Notice and Restriction on Transfer, by clerical error and inadvertence; the parties intended to convey Lot 31 to Borrower and subsequently attach the Deed of Trust and Lien Notice and Restriction on Transfer to Lot 31.

43. Therefore, Wells Fargo seeks reformation of:

   a. the general warranty deed to Borrower to list the correct legal description for Lot 31;

   b. the Deed of Trust to attach to Lot 31 by correcting the legal description to that of Lot 31;

   c. the First Tax Deed to U.S. Bank as custodian for Tower DBW to list the legal description for Lot 30, instead of Lot 31;

   d. the December 22, 2014 quitclaim deed to 110 Calhoun Street Trust to list the legal description for Lot 30, instead of Lot 31;

   e. the Second Tax Deed to TTLBL, LLC to list the legal description for Lot 30, instead of Lot 31;

  f. the July 27, 2016 quitclaim deed to 110 Calhoun Street Trust to list the legal description for Lot 30, instead of Lot 31;

  g. the August 7, 2017 quitclaim deed to Wells Fargo to list the legal description for Lot 30.

44. The effect of the foregoing reformations would be to simply switch Lots 30 and 31 in order to effectuate the original intent of the parties such that (1) Borrower will own Lot 31, on which she resides; (2) the Deed of Trust will encumber Lot 31; and (3) all tax sales, subsequent transfers, and other liens against Lot 31 will now reference Lot 30, which is now owned by Wells Fargo.

## Count II
(Quiet Title under State Law)

45. Wells Fargo hereby re-alleges each of the foregoing paragraphs not inconsistent with this cause of action as if fully set forth herein verbatim.

46. Wells Fargo seeks to confirm and quiet title to the Properties under Miss. Code Ann. § 11-17-29, to remove any clouds on the title under Miss. Code Ann. § 11-17-31, and to quiet its tax title under Miss. Code Ann. § 11-17-1.

47. Wells Fargo is in possession of Lot 30 by virtue of the August 7, 2017 quitclaim deed from TTLBL, LLC. Wells Fargo has an interest in Lot 31 by virtue of the Deed of Trust.

48. By virtue of the above-referenced conveyances, Wells Fargo and Borrower's title is drained from the City of Jackson, Mississippi and then West Jackson CDC.

49. Wells Fargo's title is further supported by the 2014 Tax Sale.

50. Any other interest held by the Trustee, the IRS, or the MSDOR only accrued following the 2014 Tax Sale.

51.     Because West Jackson CDC had no interest in Lot 31, the IRS and the MSDOR's interest could not have attached to Lot 31.

52.     Instead, the IRS and the MSDOR's interest attached, if at all, to Lot 30 after the 2014 Tax Sale.

53.     Though Defendants were given notice as required by Mississippi Code Title 27, Chapters 43 and 45, Defendants failed to pay delinquent taxes and/or redeem Lot 30 within one year following the tax sales.

54.     Upon information and belief, all the requirements of Mississippi Code Title 27, Chapters 43 and 45 were strictly complied with, and the tax sales were conducted according to law.

55.     The County properly sent all notices to Defendants at the proper addresses as required by state law.

56.     The County properly posted and published all notices as required by state law.

57.     Miss. Code Ann. § 27-45-3 provides that any property sold at a tax sale may be redeemed "at any time within two (2) years after the day of sale . . . ."

58.     Defendants have failed to redeem Lot 30 within two years of the 2014 Tax Sale; thus, any claims as to the invalidity of the Tax Sale are barred by the statute of limitations.

59.     Defendants unjustly claim, or may unjustly claim, to have an interest in Lot 30 which was effectually extinguished, cut off, and barred by Miss. Code Ann. § 11-17-1.

60.     Wells Fargo is seized of and possesses Lot 30 free of and wholly discharged from any and every such claim or lien, now holding Lot 30 in fee simple.

61.     Borrower is seized of and possesses Lot 31 free of and wholly discharged from any and every such claim or lien, now holding Lot 31 in fee simple, subject only to the Deed of Trust.

62. Wells Fargo is informed and believes that Borrower is entitled to a declaration of quiet title and to possession of Lot 31, that Wells Fargo is entitled to a declaration of quiet title and to possession of Lot 31, and that Wells Fargo and Borrower's rights, status, and legal relations are adversely impacted by any possible interests Defendants may have or claim in the Properties; thus, Wells Fargo requests the Court inquire into the matter and enter an order consistent with the relief requested below.

## Count III
(28 U.S.C. § 2409a – Real Property Quiet Title Action)

63. Wells Fargo hereby re-alleges each of the foregoing paragraphs not inconsistent with this cause of action as if fully set forth herein verbatim.

64. Upon information and belief, the IRS may have an unreleased interest in Lot 31 by virtue of Federal Tax Liens. *See* Ex. 7.

65. Because West Jackson CDC had no interest in Lot 31, the IRS's interest could not have attached to Lot 31.

66. Instead, the IRS's interest attached, if at all, to Lot 30.

67. Wells Fargo is seized of and possesses Lot 30 free of and wholly discharged from any and every such claim or lien, now holding Lot 30 in fee simple.

68. Borrower is seized of and possesses Lot 31 free of and wholly discharged from any and every such claim or lien, now holding Lot 31 in fee simple, subject only to the Deed of Trust.

69. Wells Fargo is informed and believes that Borrower is entitled to a declaration of quiet title and to possession of Lot 31, that Wells Fargo is entitled to a declaration of quiet title and to possession of Lot 31, and that Wells Fargo and Borrower's rights, status, and legal relations are adversely impacted by any possible interests Defendants may have or claim in the Properties;

thus, Wells Fargo requests the Court inquire into the matter and enter an order consistent with the relief requested below.

**WHEREFORE**, Wells Fargo requests that this honorable Court:

(a) Appoint a guardian *ad litem nisi* to appear on behalf of Doe and an attorney *ad litem nisi* to appear on behalf of Roe;

(b) Reform all conveyances, liens, and interests of Lots 30 and 31 as set forth above;

(c) Determine that Borrower is the sole holder in fee simple of Lot 31, subject only to the Deed of Trust;

(d) Determine that Wells Fargo is the sole holder in fee simple of Lot 30;

(e) Order, in the event the Defendants or anyone claiming through them are occupying the Properties, that Borrower is entitled to be placed in quiet, peaceable, and sole possession of Lot 30, and Wells Fargo is entitled to be placed in quiet, peaceable, and sole possession of Lot 31 with the aid of the Sheriff; and

(f) For such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 19 December 2018.

**Wells Fargo Bank, N.A.**

*/s/ Woods Drinkwater*
Woods Drinkwater, MSB # 104844
NELSON MULLINS RILEY
& SCARBOROUGH LLP
One Nashville Place, Suite 1100
150 Fourth Avenue, North
Nashville, Tennessee 37219
E-mail: woods.drinkwater@nelsonmullins.com
Phone: (615) 664 – 5307

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Wells Fargo Bank, N.A., | ) |
|        Plaintiff, | ) |
| vs. | ) |
| Katonya P. Gray, West Jackson Community Development Corporation; Doug Shaddix, trustee of the 110 Calhoun Street Trust; Mississippi Department of Revenue; United States of America, by and through its agency, the Internal Revenue Service; John Doe, representing all unknown persons or entities having or claiming to have any right, title, or interest in or to, or lien upon, the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203, including minors or those under a legal disability, or the heirs, devisees, personal representatives, administrators, successors, and assigns of those unknown parties or the above-named Defendants; and Richard Roe, representing all persons who may be in the Armed Forces of the United States who have, claim, or may claim any interest in the real estate known as 110 Calhoun Street, Jackson, MS 39203 and 114 Calhoun Street, Jackson, MS 39203, | ) Civil Action No. _____ |
|        Defendants. | ) |

## VERIFICATION DECLARATION

I, Anthony Nelson, Vice President of Wells Fargo Bank, N.A., do declare under penalty of perjury under the laws of the United States of America that the foregoing factual allegations in the Verified Complaint for Reformation and Quiet Title are true and correct to the best of my personal

Page 1 of 2

knowledge and my review of the business records maintained in Wells Fargo Bank, N.A.'s regular course of business.

**Wells Fargo Bank, N.A.**

By: _____
Anthony Nelson, its Vice President
1 Home Campus, Des Moines, IA 50328-0001

Date: __12/04/2018__